IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01148-PAB

6900 RD 16134 TRUST,

    Plaintiff,

v.

CITIBANK, N.A.,
MONTROSE COUNTY TRUSTEE, and
DOES 1 THROUGH 50,

    Defendants.

# ORDER

This matter is before the Court on the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Request for Leave to Seek Sanctions Under C.R.S. 13-17-102 [Docket No. 9] filed by defendant Citibank, N.A. ("Citibank"); Plaintiff's Combined Motion to Remand and Objection to Defendant's Motion to Dismiss [Docket No. 13] filed by interested party Peggy Williams; and Plaintiff's Motion for Intervention of Parties Pursuant to Rule 24(a) [Docket No. 14] filed by interested party Peggy Williams. This matter arises out of Citibank's foreclosure and sale of the property located at 16134 6900 Road in Montrose County, Colorado (the "Property"), formerly owned by Gary and Peggy Williams and currently owned by plaintiff 6900 Rd 16134 Trust (the "Trust").

## I. BACKGROUND

On November 24, 2010, Gary and Peggy Williams filed a complaint against

Citibank and Chase Home Finance, LLC in the Combined Court for Montrose County, Colorado. *See Williams v. Citibank*, Case No. 10-cv-03167-DME-MJW, Docket No. 2. On December 29, 2010, defendants removed the case to another court in this district. *See id*., Docket No. 1. The complaint stated that the "point at issue is whether or not the Defendant has valid proof of claim and therefore Standing to enforce the instrument." *Id*., Docket No. 2 at 6. The complaint alleged, *inter alia*, that the deed of trust was unenforceable because it was not properly assigned to Citibank and because it had been separated from the promissory note. *Id*. at 12-13. It further alleged that Citibank lacked standing to enforce the note or deed of trust because it was not a creditor. *Id*. at 13-15. The complaint requested that plaintiffs be released from all claims related to the promissory note and deed of trust–including foreclosure, trustee sale, quiet title actions, or other debt collection actions–and that the court declare the promissory note "Settled in Full." *Id*. at 17. Before Citibank filed an answer, plaintiffs filed a motion to withdraw their complaint. *Id*., Docket No. 14. Judge David M. Ebel acknowledged plaintiffs' notice of voluntary dismissal on March 8, 2011, dismissing the case without prejudice pursuant to Rule 41(a)(1)(B). *Id*., Docket No. 17.

On March 3, 2011, the Williamses filed a complaint against Citibank and Chase Home Finance, LLC in state court in Montrose County. *See Williams v. Citibank*, Case No. 11-cv-00921-CMA-MEH, Docket No. 2 at 1. On April 6, 2011, Citibank removed the case to another court in this district. Docket No. 1. The complaint stated that the "point at issue of this controversy is the right of enforcement of the Promissory Note by the Defendant." *Id*., Docket No. 2 at 2; *see also id*. at 6 ("The point at issue is whether or

not the Defendant has valid proof of claim and therefore Standing to enforce the instrument."). The complaint alleged that Citibank lacked standing to enforce the promissory note, that it was never validly assigned the promissory note, and that it was not a real party in interest. *See id.*, Docket No. 2. On May 26, 2011, the plaintiffs filed a motion to dismiss the case without prejudice. *Id.*, Docket No. 21. On May 27, 2011, Judge Christine M. Arguello granted the plaintiffs' motion. *Id.*, Docket No. 23.

On November 27, 2013, the Trust filed a complaint against Citibank, Chase Home Mortgage, LLC/Chase, the Montrose County Trustee, and Long Beach Mortgage Company in state court in Montrose County. *6900 Rd 16134 Trust v. Citibank, N.A.*, Case No. 14-cv-00085-PAB-KLM, Docket No. 3. On January 10, 2014, Citibank removed the case to this Court. *Id.*, Docket No. 1. The amended complaint alleged that there was no evidence that the original lender, Long Beach Mortgage Company, had transferred ownership of the Williamses' promissory note to Citibank and thus that Citibank was not a real party in interest. *Id.*, Docket No. 3 at 4, ¶¶ 18-19. It further alleged that the deed of trust was unenforceable because it had been separated from the promissory note. *Id.* at 4, ¶¶ 20-21. The complaint requested that the Court declare that the deed of trust was "null and void," the promissory note was "fully discharged," and the Property belonged to the Trust. *Id.* at 7, ¶¶ 59-64.

On January 15, 2014, Magistrate Judge Kristen L. Mix ordered plaintiff to obtain counsel on or before February 17, 2014 pursuant to Local Rule 11.1 or face dismissal of the case without prejudice. *Id.*, Docket No. 13. On February 14, 2014, plaintiff moved to dismiss the case without prejudice because the Williamses were unable to

obtain an attorney. *Id.*, Docket Nos. 18 and 19. On February 20, 2014, the Court issued a Minute Order stating that the "case was dismissed without prejudice as of the entry of the Motion to Dismiss. No order of dismissal is necessary." *Id.*, Docket No. 21 (citation omitted).

On March 25, 2014, the Trust filed a complaint against Citibank and the Montrose County Trustee in state court in Montrose County. Docket No. 3. On April 22, 2014, Citibank removed the case to this Court. Docket No. 1. The complaint alleges that there is no valid evidence of a transfer of ownership of the mortgage loan from the lender to Citibank, Citibank is not a real party in interest, and the deed of trust is unenforceable because the promissory note has been securitized. Docket No. 3. The complaint requests that the Court (1) declare that the deed of trust is null and void and that the Property rightfully belongs to the Trust and (2) enjoin Citibank from claiming any right in the Property. *Id.* at 6.

On April 24, 2014, Citibank filed a motion to dismiss based, in part, on the contention that the dismissals in Case Nos. 11-cv-00921-CMA-MEH and 14-cv-00085-PAB-KLM operate as adjudications on the merits pursuant to Rule 41(a)(1)(B). Docket No. 9. On May 8, 2014, Ms. Williams filed a motion requesting that the Williamses be permitted to intervene as plaintiffs as a matter of right pursuant to Federal Rule of Civil Procedure 24(a). Docket No. 14. The same day, Ms. Williams filed a Combined Motion to Remand and Objection to Defendant's Motion to Dismiss, arguing that the Court lacks subject matter jurisdiction over this case. Docket No. 13.

## II. ANALYSIS

### A.  Motion to Remand

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Defendant invokes 28 U.S.C. § 1332(a) as the basis for this Court's subject matter jurisdiction.  Docket No. 1 at 1, ¶ 2.  Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

The Court is required to remand a case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c); *see Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006) ("[t]he two categories of remand within § 1447(c) . . . are remands for lack of subject matter jurisdiction and for defects in removal procedure").  Diversity jurisdiction exists when the case involves a dispute between citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  To meet the diversity requirement, there must be complete diversity between plaintiff and all defendants, meaning that no defendant can be from the same state as any plaintiff.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

Here, plaintiff is a citizen of Colorado.  Docket No. 3 at 2, ¶ 1.  Citibank is a citizen of South Dakota.  Docket No. 1 at 2, ¶ 4.[1]  Ms. Williams argues that complete

---

[1]*See also* 28 U.S.C. § 1348 ("All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in

diversity is destroyed by the inclusion of the Montrose County Trustee, who Ms. Williams contends is also a citizen of Colorado. Docket No. 13 at 2 ("defendant Montrose County Trustee operates and is registered within the State of Colorado"). The complaint contains a sole allegation concerning the Trustee: "Rosemary Murphy, Montrose County Treasurer appears on title of the plaintiff as a substitute trustee which is invalid and unenforceable." Docket No. 3 at 4, ¶ 27. The complaint does not otherwise mention the Montrose County Trustee. *See generally* Docket No. 3.

The Court "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 461 (1980); *Walden v. Skinner*, 101 U.S. 577, 589 (1879) (a party does not "defeat the jurisdiction in a case where he is a mere nominal party, and is merely joined to perform the ministerial act of conveying the title if adjudged to the complainant. . . . Where the real and only controversy is between citizens of different States, . . . and the plaintiff is by some positive rule of law compelled to use the name of another to perform merely a ministerial act, . . . the courts of the United States will not consider any others as parties to the suit than the persons between whom the litigation before then exists."); Charles Alan Wright et al., 13E Fed. Prac. & Proc. Juris. § 3606 (3d ed. 2014) ("it has long been established by innumerable precedents from all quadrants of the federal judicial system that the citizenship of nominal or formal parties who have no interest in the action will be ignored; if the real controversy is between

---

which they are respectively located."); Office of the Comptroller of the Currency, List of National Banks & Federal Branches and Agencies active as of 2/28/2015 at 3, *available at* http://www.occ.gov/topics/licensing/national-bank-lists/index-active-bank-lists.html.

citizens of different states, the court has subject matter jurisdiction.").

The allegations in the complaint disclose that the Montrose County Trustee is not a real party to the controversy, but has been named solely because her name appears–in her formal capacity–on the deed of trust that plaintiff contends is unenforceable. The Court must disregard the Trustee's citizenship in determining whether there is federal subject matter jurisdiction over this matter. *See Navarro*, 446 U.S. at 461; *Walden*, 101 U.S. at 589. The Court finds that complete diversity exists between the real parties in interest, the Trust and Citibank.

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014). If the plaintiff contests the defendant's amount-in-controversy allegation, "removal . . . is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(B). The Tenth Circuit has held that:

> a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed.

*McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)). A defendant need only

"affirmatively establish jurisdiction by proving jurisdictional *facts* that ma[k]e it *possible* that $75,000 [is] in play" at the time of removal. 529 F.3d at 955 (emphasis in original); *see also Emland Builders, Inc. v. Shea*, 359 F.2d 927, 929 (10th Cir. 1966) (amount in controversy is determined at the time the case is removed to federal court). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977); *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006).

Here, plaintiff seeks the following relief, *inter alia*:

> 48. Declare the Deed of Trust to be null and void.
>
> 49. [Declare that] Plaintiffs [sic] 6900 Rd 16134 Trust is the rightful holder of title to the property and that Defendant, Citibank, N.A., be declared to have no estate, right, title or interest in said property.
>
> 50. [Enter judgment] forever enjoining said defendants, and each of them, from claiming any estate, right, title or interest in the subject property.

Docket No. 3 at 6. Defendant has submitted a copy of the Order Approving Sale issued by Montrose County District Court Judge James W. Schaum. Docket No. 18-1 at 12. The Order Approving Sale states that the matters set forth in defendant's April 10, 2014 application for a Return and Order Approving Sale [Docket No. 18-1 at 9] are true. Docket No. 18-1 at 12. Defendant's April 10, 2014 application states that defendant purchased the Property "as Trustee for WaMu Asset-Backed Certificates, WaMu Series 2007-HE3 for the sum of ***$175,200.00***." Docket No. 18-1 at 9, ¶ 2.

Ms. Williams argues that she is not seeking "damages or relief above the

$75,000 threshold" or a "discharge of the note." Docket No. 13 at 2. However, the complaint states that plaintiff is seeking to extinguish any claim defendant might have to the Property. *See* Docket No. 3 at 6, ¶ 49. Since title to the property is the "object of the litigation," *see Hunt*, 432 U.S. at 347, the filings related to the April 2014 foreclosure sale establish by a preponderance of the evidence that the amount in controversy is greater than $75,000. *See Hunt*, 432 U.S. at 347.

In sum, the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).

### B. Motion to Dismiss

Defendant argues that this matter should be dismissed because plaintiff has voluntarily dismissed several cases "based on or including the same claim[s]." Docket No. 9; *see* Fed. R. Civ. P. 41(a)(1)(B).

The Court's function on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is sufficient to plausibly state a claim. Fed. R. Civ. P. 12(b)(6); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted).

The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d

1282, 1286 (10th Cir. 2008). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted).

Federal Rule of Civil Procedure 41(a)(1)(B) provides that, "[u]nless the notice or stipulation [of voluntary dismissal] states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."

When a federal court has jurisdiction based on the diversity of the parties, the preclusive effect of a previous federal court judgment is determined by the law of the state in which the federal court sits. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). Under Colorado law, "'a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action.'" *Vanderpool v. Loftness*, 300 P.3d 953, 957 n.3 (Colo. App. 2012) (quoting *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n.5 (1979)). "[I]n litigation where the subject matter is property, successors in interest to that property are in privity of estate with the parties to the litigation and are ordinarily bound by the judgment." *Argus Real Estate, Inc. v. E-470 Public Highway Authority*, 109 P.3d 604, 608 (Colo. 2005); *see also Green v. Chaffee Ditch Co.*, 150 Colo. 91, 99 (Colo. 1962) ("When a judgment establishes the law of the case, . . . it becomes a rule of property as to the subject matter of the suit, and passes with it to all persons subsequently claiming under

such parties.") (citation omitted); Restatement (Second) of Judgments, § 43(1)(b) (1982) ("A judgment in an action that determines interests in real or personal property: (1) With respect to the property involved in the action: . . . (b) Has preclusive effects upon a person who succeeds to the interest of a party to the same extent as upon the party himself.").

In determining whether different cases assert identical claims for relief, courts look to "the injury for which relief is demanded," not the "legal theory on which the person asserting the claim relies." *Loveland Essential Grp., LLC v. Grommon Farms, Inc.*, 318 P.3d 6, 10 (Colo. App. 2012) (citation omitted). Relevant to this inquiry is the relatedness "in time, space, origin, or motivation" of the relevant facts, "whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Id*. (citation omitted).

Plaintiff and its privies, the Williamses,[2] previously dismissed two actions–Case Nos. 11-cv-00921-CMA-MEH and 14-cv-00085-PAB-KLM–"based on or including the same claim[s]" asserted in this case. *See* Fed. R. Civ. P. 41(a)(1)(B). Specifically, the Williamses alleged in the first case that (1) Citibank lacked standing to enforce the promissory note because it was not a holder in due course within the meaning of the Colorado Commercial Code, *see* Case No. 11-cv-00921-CMA-MEH, Docket No. 2 at 1-2; (2) Citibank acquiesced in the Williamses' Notice of Default, which was filed on October 25, 2010 at the Montrose County Recorder's Office and stated that Citibank

---

[2]For purposes of this litigation, the Trust is in privity with the Williamses because the Trust succeeded to their interest in the Property. *See Argus Real Estate*, 109 P.3d at 608; Restatement (Second) of Judgments, § 43(1)(b) (1982).

had failed to produce a "proof of claim," *id*. at 5; (3) the Williamses had disputed the debt within the meaning of the Fair Debt Collections Practices Act, *id*. at 6; (4) pursuant to the Uniform Commercial Code, Citibank could not enforce the promissory note unless it produced the "original wet ink" version "containing the 'allonge,'" documenting the chain of title to the promissory note, *id*. at 9; (5) the promissory note was unenforceable because it had been assigned without the deed of trust, *id*. at 12-13; and (6) Citibank lacked standing to enforce the promissory note because it was not a creditor within the meaning of Generally Accepted Accounting Principles, *id*. at 13-15. The complaint requested that the court:

> a) Release[] all claims against Plaintiff in relations to this case due to lack of proof of claim and standing.
>
> b) [Declare that] [n]o further action can be taken against Plaintiff, including but not limited to foreclosure sale, Trustee sale, Quiet Title Action or collections.
>
> c) Remove[] all derogatory reporting with the credit bureaus in relations to this case and reporting this account as "Settled in Full".
>
> d) Mark this Note as "Settled in Full" for the Defendant's own record as well as all public records including but not limited to: all credit bureaus and county records.
>
> e) [Order Citibank to] [r]eturn all monies collected on this transaction to date with the same interest as the original promissory note, calculated from the date of the loan, paid in one lump sum.
>
> f) [Order Citibank to] [i]ssue a full reconveyance on the Mortgage/Deed of Trust.
>
> g) [Award] [a]ny and all other remedies appropriate and necessary deemed by this Honorable Court.
>
> h) Fund equivalent for Original Mortgage Note returned. $270,000.00 x3 pursuant to UCC 3-305 and UCC 3-306.

>i) Refund due Affiant and/or GARY R. WILLIAMS/PEGGY E. WILLIAMS 90 Monthly payments averaging $1,830.80 for a total of $164,772.00
>
>j) 10000 hours paid to plaintiff at $150.00 per hour and other misc. costs.

*Id.*, Docket No. 2 at 17-18.

Although the complaint in Case No. 14-cv-00085-PAB-KLM was framed under the legal heading of an action to quiet title, the asserted claims sought relief for the same injury at issue in Case No. 11-cv-00921-CMA-MEH. *See Loveland Essential Grp.*, 318 P.3d at 10. Specifically, the Trust alleged that Citibank lacked standing to enforce the promissory note because (1) Citibank is not a holder in due course, *Id.*, Docket No. 3 at 5, ¶ 34; (2) the promissory note is unenforceable because it was separated from the deed of trust, *id*. at 4, ¶¶ 21-22; (3) Citibank has failed to produce evidence of its standing to enforce the note, *id*. at 6, ¶¶ 44-45; and (4) the deed of trust was not properly assigned to Citibank, *id*. at 7, ¶ 55. The complaint requested that the Court:

>61. Declare the Deed of Trust to be null and void.
>
>62. Declare the promissory note to be declared fully discharged.
>
>63. For a declaration and determination that Plaintiffs 6900 Rd 16134 Trust is the rightful holder of title to the property and that Defendants, Citibank, N.A., Chase Home Finance, LLC/Chase and each of them, be declared to have no estate, right, title or interest in said property.
>
>64. For a judgment forever enjoining defendants, and each of them, from claiming any estate, right, title or interest in the subject property.

Case. No. 14-cv-00085-PAB-KLM, Docket No. 3 at 7. Both actions concerned the same property, the same set of documents governing the parties' interests in the Property, and the same alleged transfers of those documents (i.e., assignment of the

promissory note and deed of trust to Citibank and the securitization of the promissory note). Plaintiffs in both cases alleged that Citibank lacked standing to enforce the promissory note because it was not a "holder in due course" and had not received proper assignment of the deed of trust or the promissory note and that, in any event, the promissory was not enforceable because it had been separated from the deed of trust through the securitization process. *Compare* Case No. 11-cv-00921-CMA-MEH, Docket No. 2 *with* Case No. 14-cv-00085-PAB-KLM, Docket No. 3. Both actions sought to vest full ownership of the Property in the Williamses and to prevent Citibank from asserting any further legal interest in the Property. *See id*. The factual allegations underlying both complaints were identical "in time, space, origin, or motivation" and formed "a convenient trial unit," indicating that the two cases raised the same causes of action. *See Loveland Essential Grp.*, 318 P.3d at 10.

Since the two actions were based on the same causes of action and involved the same parties or their privies, *see Vanderpool*, 300 P.3d at 957 n.3, the judgment in Case No. 14-cv-00085-PAB-KLM operates as an adjudication on the merits. *See* Fed. R. Civ. P. 41(a)(1)(B).

The case before the Court seeks to redress the same injury asserted in Case No. 14-cv-00085-PAB-KLM, namely, the purported lack of evidence and legal support for Citibank's standing to foreclose on the Property. In this case, plaintiff alleges that (1) there is no "valid evidence of transfer of ownership from the Lender to the Defendant," Docket No. 3 at 4, ¶ 19; (2) Citibank is not the real party in interest, *id*. at 4, ¶ 20; (3) the deed of trust and promissory note have been separated, *id*. at 4, ¶¶ 21-22;

(4) Citibank cannot foreclose because it is the servicer and not the lender, *id*. at 4, ¶ 23; (5) the promissory note is unenforceable because it has been securitized, *id*. at 5, ¶ 33; and (6) the debt has been discharged because the bondholders wrote off the debt and received a tax credit, *id*. at 5, ¶¶ 36-37. The complaint requests that the Court:

> 48. Declare the Deed of Trust to be null and void.
>
> 49. For a declaration and determination that Plaintiffs 6900 Rd 16134 Trust is the rightful holder of title to the property and that Defendant, Citibank, N.A., be declared to have no estate, right, title or interest in said property.
>
> 50. For a judgment forever enjoining said defendants, and each of them, from claiming any estate, right, title or interest in the subject property.

Docket No. 3 at 6. The language of the complaint is nearly identical to the complaint filed in Case No. 14-cv-00085-PAB-KLM. *Compare* Case No. 14-cv-00085-PAB-KLM, Docket No. 3 at 4-7, ¶¶ 14-59 *with* Case No. 14-cv-01148-PAB, Docket No. 3 at 3-6, ¶¶ 12-46. Both cases were brought by the Trust. The judgment in Case No. 14-cv-00085-PAB-KLM accordingly bars this suit, which involves the same parties and is based on the same causes of action. *See Vanderpool*, 300 P.3d at 957 n.3.

### C. Sanctions

Citibank requests that, if its motion to dismiss is granted, the Court also grant Citibank leave to file a motion for sanctions pursuant to Colo. Rev. Stat. § 13-17-102 within twenty-one days of the dismissal order. Docket No. 9 at 14. Citibank argues that the case "unequivocally lacked substantial[] justification and was both substantially groundless and substantially vexatious." *Id*.

Section 13-17-102 provides that a court "shall award . . . reasonable attorney fees against any attorney or party who has brought or defended a civil action, either in

whole or in part, that the court determines lacked substantial justification." Colo. Rev. Stat. § 13-17-102(2). "No party who is appearing without an attorney shall be assessed attorney fees unless the court finds that the party clearly knew or reasonably should have known that his action or defense, or any part thereof, was substantially frivolous, substantially groundless, or substantially vexatious." *Id*. at § 13-17-102(6).

In *Kazazian v. Emergency Serv. Physicians, P.C.*, 300 F.R.D. 672, 678 (D. Colo. 2014), the Court held that, where a defendant fails to comply with the safe harbor provision of Federal Rule of Civil Procedure 11, "Rule 11 preempts § 13-17-102." Under the safe harbor provision,

> [a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2).

Citibank has not complied with this provision insofar as the request to move for sanctions was not made in a separate motion and there is no indication that Citibank served a motion for sanctions on plaintiff before presenting its claim to the Court. *See id*. Under the circumstances, the Court finds that Rule 11 preempts § 13-17-102 and will deny Citibank's request to move for sanctions. *See Kazazian*, 300 F.R.D. at 678.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Request for Leave to Seek Sanctions Under C.R.S. 13-17-102 [Docket No. 9] filed by

defendant Citibank, N.A. is GRANTED in part.  It is granted with respect to dismissal of this action.  It is denied with respect to the request to move for sanctions under Colo. Rev. Stat. § 13-17-102.  It is further

**ORDERED** that Plaintiff's Combined Motion to Remand and Objection to Defendant's Motion to Dismiss [Docket No. 13] filed by interested party Peggy Williams is DENIED.  It is further

**ORDERED** that Plaintiff's Motion for Intervention of Parties Pursuant to Rule 24(a) [Docket No. 14] filed by interested party Peggy Williams is DENIED as moot.  It is further

**ORDERED** that plaintiff's Motion to Order a Preliminary Injunction Barring Eviction Proceedings [Docket No. 5] is DENIED as moot.  It is further

**ORDERED** that this case is DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(B).

DATED March 10, 2015.

              BY THE COURT:

               s/Philip A. Brimmer
              PHILIP A. BRIMMER
              United States District Judge